*Formatted for Electronic Distribution*                                *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

Filed & Entered
On Docket
June 14, 2018

_____

**In re:**
    **Hermann VanEck,**                                     Chapter 13 Case
         Debtor.                                      # 17-10246
_____

**In re:**
**Hermann VanEck,**
        Plaintiff,                                        Adversary Proceeding
        vs.                                               # 17-01010
**Mark Porriello, Louis Mira,**
**DLJ Mortgage Capital, Inc., and**
**John Does 1-10, unknown persons,**
        Defendants.
_____

| | |
|---|---|
| *Appearances:*  Hermann VanEck<br>                *Roxbury, Vermont*<br>                *For the Plaintiff,* **Pro Se** | *Jeffrey J. Hardiman, Esq.*<br>*Shechtman Halperin Savage, LLP*<br>*Pawtucket, RI*<br>*For Defendant DLJ Mortgage Capital, Inc.*<br><br>*Kevin M. Henry, Esq.*<br>*Primmer Piper Eggleston & Cramer, PC*<br>*Burlington, Vermont*<br>*For Defendants Mark Porriello, Louis Mira* |

### MEMORANDUM OF DECISION
### GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
### AND DISMISSING COMPLAINT AGAINST UNNAMED DEFENDANTS

Hermann VanEck commenced this adversary proceeding to challenge the foreclosure, summary process, and levying of execution against his Connecticut residence by DLJ Mortgage Capital, Inc. ("DLJ"). VanEck alleges that DLJ and its real estate listing agents, Mark Porriello and Louis Mira, violated the automatic stay provisions of the Bankruptcy Code when they forcefully assumed control of,

and sold, his residence. VanEck also alleges that the Defendants, without valid court order, removed, and continue to hold, personal property they found at his residence. VanEck argues he is entitled to damages and the return of both the residence and his personal property.

In response, Defendant DLJ and Defendants Porriello and Mira separately filed motions for summary judgment, stating there are no material facts in dispute and they are entitled to judgment on all counts in the complaint, as a matter of law. Their position is that applicable state and federal law authorized the Defendants' actions in foreclosing upon the residence, evicting VanEck, and listing the residence for sale, and VanEck's personal property was removed in accordance with Connecticut state law, under the direct control and supervision of the Connecticut State Marshal.

For the reasons set forth below, the Court finds there are no material facts in dispute, concludes the Defendants are entitled to judgment as a matter of law, and therefore, grants both motions for summary judgment. The Court also *sua sponte* dismisses, without prejudice, the Plaintiff's claims against the unnamed John Doe Defendants for failure to prosecute.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered on June 22, 2012. The Court declares the claims raised in the two pending motions for summary judgment create a core proceeding for purposes of 28 U.S.C. § 157(b)(2)(E), (G), and (O), over which this Court has constitutional authority to enter a final judgment.

## LEGAL ISSUE PRESENTED

The legal issues presented in this adversary proceeding are, preliminarily, whether there are material facts in dispute, and if not, (1) whether some or all of the Defendants violated the automatic stay and/or improperly removed property from the Debtor's residence, and (2) whether other courts have fully adjudicated the latter issue in prior proceedings.

## PROCEDURAL HISTORY

On June 15, 2017, the Plaintiff-Debtor filed a complaint, *pro se*, to commence this adversary proceeding, captioned as a "Complaint for Breach of 11 U.S.C. § 362(a), Theft, Entry and Detainer, Theft by Conversion, Secreting of Stolen Goods, Wrongful Dispossession, Interference with Tenancy, Damages, and for Declaratory Relief," doc. # 1 (the "Complaint"). In the Complaint, the Plaintiff seeks the following relief: (i) damages in the amount of $47 million, (ii) attorneys' fees and costs, (iii) pre-judgment interest, (iv) injunctive relief in the form of an order requiring the Defendants to restore the Plaintiff to possession of his home, with all costs and expenses of moving; (v) return of all goods the Defendants improperly

removed; and (vi) such other relief as the Court deems proper.

On December 1, 2017, Defendant DLJ Mortgage Capital, Inc. ("DLJ") filed a motion for summary judgment (doc. # 30), seeking judgment in its favor on all counts of the Complaint. On that same day, Defendants Mark Porriello and Louis Mira ("Porriello & Mira") also filed a motion for summary judgment (doc. # 32) seeking judgment in their favor, as to all allegations against them in the Complaint.

On January 31, 2018, the Court granted the Debtor-Plaintiff's motion for an extension of time to file all documents due in various open matters, including the instant motions for summary judgment, and set a deadline of February 5, 2018 (doc. # 38). Notwithstanding that enlargement of time to respond, the Plaintiff has not filed any response to either of the motions for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Matican v. City of New York, 524 F.3d 151, 154 (2d Cir.2008). "The moving party bears the burden of showing that no genuine issue of material fact exists." Vermont Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241,244 (2d Cir. 2004). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." United Transp. Union v. Nat'l R.R. Passenger Corp., 588 F.3d 805, 809 (2d Cir. 2009), citing Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The substantive law identifies those facts that are material; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary are not material. Id. In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. See Vermont Teddy Bear Co., 373 F.3d at 244. However, "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996). Pursuant to Vermont Bankruptcy Local Rule 7056-1(a)(3), if a party fails to respond to the other party's statement of undisputed material facts, the party is deemed to have admitted all material facts in their opponent's statement. See In re Rubino, 2016 Bankr. LEXIS 749, *7 (Bankr. D. Vt. 2016). Since the Plaintiff did not file a response to the movants' statements of undisputed material facts, or file his own, the Court treats all of the facts set out in the movants' statements as admitted.

3

## I. DLJ'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff aims all causes of action in the Complaint against DLJ: violation of the automatic stay (first), entry and detainer (second), theft by conversion (third), secreting of stolen goods (fourth), wrongful dispossession (fifth), interference with tenancy (sixth) and right to declaratory judgment (seventh). DLJ moves for summary judgment on all of these causes of action.

### UNDISPUTED MATERIAL FACTS

DLJ asserts the following to be the undisputed material facts pertinent to its motion for summary judgment, the Plaintiff has not responded to this statement or filed a conflicting statement of material facts, and the Court therefore deems the Plaintiff to have admitted these facts and treats them as true for purposes of this motion.

1. In 2002, Bankers Trust Company of California ("Bankers Trust") commenced a state court foreclosure proceeding, in the state of Connecticut, with respect to the first mortgage (the "Mortgage") on the property located at 24 Ebony Lane, Essex, CT (the "Property"). In re Van Eck, 425 B.R. 54, 61 (Bankr. D. Conn. 2010) (citing Bankers Trust Co. of California, N.A. v Van Eck, 96 Conn. App. 390, 391 (Conn. App. Ct. 2006)).

2. Subsequently, the Connecticut state trial court granted Bankers Trust a judgment of foreclosure by sale (the "Foreclosure Judgment"). In re Van Eck, 425 B.R. 54, 61 (Bankr. D. Conn. 2010).

3. On February 4, 2008, GRP Loan, LLC ("GRP") substituted itself as plaintiff and an updated Foreclosure Judgment was subsequently issued. Id. at 62 (citing Bankers Trust Co. of California, N.A. v. Van Eck, No. CV-02-0097949-S (Conn. Super. Ct. 2008)).

4. The updated Foreclosure Judgment was necessitated by the Debtor's bankruptcy filing in the U.S. Bankruptcy Court for the District of Connecticut prior to the foreclosure sale (see Chapter 13 Case No. 06-31703 filed on October 5, 2006 (the "Prior Chapter 13 Case")). By order dated July 26, 2007, the bankruptcy court dismissed the Debtor's Prior Chapter 13 Case, before confirmation, based upon the Debtor's failure to file tax returns. In re Van Eck, 425 B.R. 54, 62 (Bankr. D. Conn. 2010).

5. The Debtor subsequently removed the state court proceedings to the District Court for the District of Connecticut (the "Attempted Removal"). Id. (citing GRP Loan, LLC v. Van Eck, 2008 U.S. Dist. LEXIS 56382 (D.Conn July 24, 2008)). The District Court (Eginton, J.) granted GRP's motion to remand for reasons including the Rooker-Feldman doctrine commenting: "The history of this case demonstrates that [Debtor] is attempt[ing] to relitigate issues already decided by the state trial and appellate courts. This Court is not the appropriate forum for such a challenge." In re Van Eck, 425

B.R. at 62 (quoting GRP Loan, LLC v. Vaneck, 2008 U.S. Dist. LEXIS 56382, at **3-4 (D. Conn. 2008).

6. The bankruptcy court consistently held that the state court foreclosure judgment, and its affirmation by the appellate court in Bankers Trust Co. of California, N.A. v. Vaneck, 95 Conn. 390, 391 (Conn. App. Ct. 2006), conclusively established (1) an unpaid Mortgage debt in an amount equal to, or in excess of, the amount set forth in the Foreclosure Judgment; and (2) GRP's standing to file a motion for relief from stay (subject of relevant post-judgment and post-substitution order events). In re Van Eck, 425 B.R. at 62.

7. The Debtor appealed the Foreclosure Judgment arguing, among other things, that Bankers Trust did not have a standing to foreclose the Mortgage. The appellate court rejected that argument, confirmed Bankers Trust's standing, and affirmed the Foreclosure Judgment. Id. (citing Bankers Trust, supra. See also Chase Home Finance, LLC v. Fequiere, 119 Conn. App. 570, 2010 WL 653239 (Conn. App. Ct. 2010)).

8. The bankruptcy court then held that the Debtor's further attempt to relitigate those same issues in his bankruptcy case constituted an abuse of the Title 11 process, dismissed the Debtor's bankruptcy case with prejudice, and issued a two-year bar on the Debtor filing any new bankruptcy case. In re Van Eck, 425 B.R. at 69.

9. On March 25, 2010, DLJ substituted itself as the plaintiff in the foreclosure action. Vaneck v. DLJ Mortg. Capital, 2016 U.S. Dist. LEXIS 11176, at *8 (D. Conn 2016) (citing Banker's Trust Co. v. Van Eck, 2003 Conn. Super. LEXIS 2901 (Conn. Super. Ct. 2003)). On July 1, 2010, the Connecticut Superior Court issued a judgment of strict foreclosure in favor of DLJ in the foreclosure action. Vaneck v. DLJ Mortg. Capital, 2016 U.S. Dist. LEXIS 11176, at *8.

10. On June 4, 2013, DLJ filed a summary process action before the Connecticut Superior Court, seeking to evict the Debtor, as well as some additional tenants, from the premises. Vaneck v. DLJ Mortg. Capital, 2016 U.S. Dist. LEXIS 11176, at *8 (D. Conn Feb. 1, 2016) (citing DLJ Mortgage Capital, Inc. v. Van Eck, No MMX-CV-13-4017150-S, 2014 Conn. Super. LEXIS 1475 at *4 (Conn. Sup. Ct. June 16, 2014)). The Debtor failed to appear in the case. In his stead, co-defendant Linda Lounsbury moved to dismiss the summary process action, claiming DLJ did not own the Property because the Debtor had quitclaimed it to a trust before the foreclosure judgment had entered, and that trust had subsequently filed for bankruptcy. Vaneck v. DLJ Mortg. Capital, 2016 U.S. Dist. LEXIS 11176, at *9.

5

11. The Connecticut Superior Court rejected that argument, stating, "Based on facts as found by this court, the court finds that the plaintiff [DLJ] was the owner of the premises at the time the summary process commenced." Id. (quoting DLJ Mortgage Capital, Inc. v. Vaneck, Super. LEXIS 1475 at *4).

12. On December 10, 2014, DLJ filed a second motion for entry of default against the Debtor based upon his failure to appear. Vaneck v. DLJ Mortg. Capital, 2016 U.S. Dist. LEXIS 11176, at *9. On January 1, 2015, the Debtor filed a bankruptcy petition in the Bankruptcy Court for the District of Connecticut captioned as In re Van Eck, No. 15-30014 (Bankr. D. Conn.). Vaneck v. DLJ Mortg. Capital, 2016 U.S. Dist. LEXIS 11176, at *9.

13. On February 11, 2015, that bankruptcy court granted DLJ's motion for relief from automatic stay *in rem* so it could pursue its summary process action in the foreclosure proceeding. Id. After that order was vacated because DLJ failed to comply with certain procedural requirements, the Bankruptcy Court reissued a substantively identical order on May 5, 2015, granting DLJ relief from the automatic stay *in rem*. Id. at **10–11. A copy of the Order for Relief granting *in rem* relief is attached as Exhibit A to doc. # 30 and incorporated herein by reference. The Debtor also appealed that order and the U.S. District Court for the District of Connecticut dismissed that appeal. Id. at *11, 15. The district court found that "[m]ultiple courts have now held that DLJ is not only the rightful owner of the mortgage, but, after the foreclosure action, of the property itself as well." Id. at 14.

14. Subsequently, on June 16, 2016, the Connecticut Superior Court entered a Judgment in favor of DLJ against the Plaintiff, for possession of the Property, finding that the Debtor's right or privilege to occupy the Property had terminated. A copy of the possession judgment is attached as Exhibit B to doc. # 30 and incorporated herein by reference.

15. DLJ served an execution for possession on the Debtor via State Marshal on December 13, 2016. A copy of the served execution for possession is attached as Exhibit C to doc. # 30 and is incorporated herein by reference.

### DISCUSSION

*First Cause of Action: Violation of the Automatic Stay*

In its first cause of action, Plaintiff alleges that Defendant DLJ violated the automatic stay provisions of 11 U.S.C. § 362(a). DLJ has presented arguments and documents showing that its predecessor in interest obtained relief from stay prior to taking any action in the foreclosure action against the Debtor's property. See In re Van Eck, 425 B.R. 54, 62 (Bankr. D. Conn. 2010). The Plaintiff's only arguments for relief under the first cause of action are inconsistent with the undisputed facts and the

Plaintiff has not presented any case law to support his position.

The Court finds DLJ's arguments persuasive and warrant entry of judgment based upon the undisputed material facts. The Court will grant DLJ judgment on this cause of action for the reasons set forth in DLJ's memorandum of law in support of summary judgment (doc. # 30). The Court gives particular weight to the fact that DLJ sought and obtained equitable relief as well as an *in rem* order specifically to permit it to prosecute its ejectment claim and obtain possession of the Property. The Court that issued that order, the U.S. Bankruptcy Court for the District of Connecticut, considered the Debtor's arguments in opposition to DLJ's motion and overruled them. Those arguments were quite similar to those presented here. See doc. # 30, Ex. A.

*Second Cause of Action: Entry and Detainer*

The Plaintiff alleges DLJ perpetrated an entry and detainer of the Property without legal basis or authority to do so. The record shows otherwise. The bankruptcy court had granted relief from stay for the foreclosure action and the Connecticut Superior Court thereafter entered a Judgment for possession of the Property. See doc. # 30, Ex. B.

The Connecticut statute covering forcible entry and detainer was enacted to "protect peaceable possession … from disturbance by any but lawful and orderly means." Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 257 (Conn. 1988). Under Connecticut law, in order to prevail on an entry and detainer cause of action the Plaintiff must show he was in actual possession of the property at the time of DLJ's entry, and that DLJ forcibly deprived the Plaintiff of his property, failing to utilize lawful and orderly means in doing so. See C.G.S. § 47a-43(a); see also Angol v. 710 Windsor, LLC, 2013 Conn. Super. LEXIS 1524 (Conn. Supp. 2013) (finding defendant's failure to notify plaintiff of the foreclosure action, initiate a summary process action, or serve the execution of ejectment did not demonstrate lawful and orderly means to remove plaintiff's possessions from the premises.) The Plaintiff has offered no evidence showing DLJ failed to use lawful and orderly means to remove the Plaintiff and his possessions from the premises. DLJ obtained and served on the Plaintiff a judgment for possession and summary process execution prior to evicting the Plaintiff. See doc. # 30, Ex. B, C. The execution was levied by the Connecticut State Marshal in accordance with Gen. Stat. § 47a-42(c). The facts do not support the Plaintiff's argument that DLJ violated state and federal law.

Based upon the documentary proof in the record, and the undisputed material facts, DLJ has shown it is entitled to judgment, as a matter of law, on this cause of action.

7

### Third, Fourth and Fifth Causes of Action:
### Theft by Conversion, Secreting of Stolen Goods, Wrongful Possession

The Plaintiff asserts these causes of action against all of the Defendants. DLJ argues that these causes of action are without merit based upon Connecticut law. It is correct. The undisputed material facts show that (i) on June 16, 2016, the Connecticut Superior Court entered a Judgment in favor of DLJ against the Plaintiff, for possession of the Property, (ii) in that judgment the court determined the Debtor's right or privilege to occupy the Property had terminated, and (iii) DLJ served an execution for possession on the Debtor, via the state marshal, on December 13, 2016.

Under Connecticut law, conversion occurs "when one, without authorization, assumes and exercises ownership over property belonging to another, to the exclusion of the owner's rights." Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 43 (Conn. 2000). Statutory theft, which "is synonymous with larceny under Gen. Stat. § 53a-119[,]" occurs "when, with intent to deprive another of property or to appropriate the same to himself or a third person, [a person] wrongfully takes, obtains or [withholds] such property from an owner." Howard v. MacDonald, 270 Conn. 111, 129 n. 8 (Conn. 2004) (citing Gen. Stat. §§ 53a-119, 52-564). Gen. Stat. § 53(a)-119(8) states that "[a] person is guilty of larceny by receiving stolen property if he receives, retains, or disposes of stolen property knowing that it has probably been stolen or believing that it has probably been stolen." Finally, Gen. Stat. § 52-564 provides "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."

The Debtor has failed to present any facts or law showing DLJ's conduct violated state or federal law. The Debtor has the burden of proof on these causes of action and has failed to meet it. Here, the Connecticut Superior Court judgment shows DLJ gave proper notice and had authority to take possession of the Property and remove the personal property. See doc. # 30, Ex. B, C. Pursuant to Gen. Stat. § 47a-42(c), the Connecticut State Marshal delivered the Plaintiff's personal property to the designated place of storage. The statute then provides for the State Marshal to sell the personal property at public auction if the Plaintiff failed to reclaim it. Because DLJ lawfully repossessed the Property and allowed the State Marshal to remove, store and, presumably, sell the Plaintiff's personal property, the Court finds DLJ is entitled to judgment, as a matter of law, on these three causes of action.

### Sixth Cause of Action: Interference with Tenancy

As DLJ points out, based upon the Foreclosure Judgment and Judgment for possession, the Plaintiff's right to occupy the Property terminated on December 15, 2016. See doc. # 30, Ex. B, C.

8

Therefore, any action DLJ or its agents took after that date could not have interfered with the Plaintiff's tenancy.

The covenant of quiet enjoyment "is that the grantee shall have legal quiet and peaceful possession and is broken only by an entry on and an expulsion from the land or from actual disturbance of possession by virtue of some paramount title or right." Hart v. EQR-Fairfield, LLC, 2015 Conn. Super. LEXIS 3042, *8 (Conn. Super. Ct. 2015). Under Connecticut law, in order to prevail on this cause of action the Plaintiff must show that he had a right to peaceful possession of the Property. The record in this case unequivocally establishes that the Plaintiff no longer had the legal right to peaceful possession on December 16, 2016. DLJ obtained and served on the Plaintiff a judgment for possession and summary process execution prior to evicting the Plaintiff. See doc. # 30, Ex. B, C. That eviction was conducted in full compliance with Gen. Stat. § 47a-42(c) and supervised by the Connecticut State Marshal. The Plaintiff has thus failed to meet his burden, and DLJ is entitled to judgment, as a matter of law, on this cause of action.

*Seventh Cause of Action: Claims for Declaratory Judgment*

The Plaintiff asserts this cause of action, in part, against all of the Defendants. The Plaintiff requests an injunction prohibiting the Defendants from selling the Property, an order requiring the Defendants return the Property, with costs and expenses, and an order "voiding whatever Filings Defendant DLJ ... may have placed upon the Land Records affecting the title to premises" (doc. # 1, ¶ 50). The Plaintiff bears the burden to prove the following in order for the court to issue a temporary injunction: (1) imminent substantial and irreparable injury, (2) lack of an adequate remedy at law, (3) likelihood of success on the merits, and (4) that a balancing of equities favors granting the injunction. Mallette v. Bank of N.Y., 2007 Conn. Super. LEXIS 2123, **4–5 (Conn. Super. Ct. 2007) (citing Moore v. Ganim, 233 Conn. 557, 569 n. 25 (Conn. 1995)).

Defendant DLJ argues that the Plaintiff's cause of action "simply rehashes Plaintiff's previous litigated claims" and is thus barred by claim preclusion (doc. # 30, at 7). "The doctrine of *res judicata* holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction…If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." Powell v. Infinity Ins. Co., 282 Conn. 594, 600 (Conn. 2007) (citation omitted).

In 2014, a Connecticut state court considered the same arguments the Plaintiff asserts in this

proceeding. That court found "legal title to all of the property is vested in [DLJ] and it is the owner" of the Property. DLJ Mortg. Capital, Inc. v. Vaneck, 2014 Conn. Super. LEXIS 1475, *10 (Conn. Super. Ct. 2014). That court further found that DLJ "was the owner of the premises at the time the summary process was commenced." Id. The Connecticut District Court concluded in 2016, "[m]ultiple courts have now held that DLJ is not only the rightful owner of the mortgage, but, after the foreclosure action, of the property itself as well." Vaneck v. DLJ Mortg. Capital, 2016 U.S. Dist. LEXIS 11176, *14 (D. Conn. 2016). The district court further found that "it is clear from the record that Van Eck has no remaining legal interest in the property and has clearly sought to use the bankruptcy procedure merely to interfere with the summary process action." Id. The district court advised in a footnote that the Plaintiff "should be either legally precluded or equitably estopped from relitigating the question of DLJ's ownership here on appeal." Id. at *9 n. 2.[1]

Under Connecticut law, the doctrine of *res judicata* does not bar collateral attack of a judgment when brought in equity. Mallette v. Bank of N.Y., 2007 Conn. Super. LEXIS 2123, *5 (Conn. Super. Ct. 2007). "Courts of equity may grant relief from the operation of a judgment when to enforce it would be unconscionable; or where a party can establish facts tending to show fraud, accident, or mistake in connection with the entry of the original judgment of foreclosure." Id. (citing East Hartford v. Miller, 27 Conn. Sup. 503, 506 (Conn. Super. 1968); Crane v. Loomis, 128 Conn. 697, 700 (Conn. 1942)). Because a bankruptcy court is a court of equity, this Court too "has the power to grant injunctive relief to the plaintiff if he prevails in his burden of proof." See Mallette v. Bank of N.Y., 2007 Conn. Super. LEXIS 2123, at **5–6.

The Plaintiff, however, has not met his burden of proof. Assuming arguendo that the Plaintiff may be able to demonstrate grounds for relief on the first two prongs, that is not enough. He might be able to establish the first prong because, as the issues Plaintiff raises have been previously decided by other competent courts, he has no adequate remedy at law. See Mallette v. Bank of N.Y., 2007 Conn. Super. LEXIS 2123, *6 (Conn. Super. Ct. 2007). He may also be able to show he might suffer imminent and substantial injury through loss of his residence and personal property. See id.

The Plaintiff, however, has presented no evidence that he will succeed on the merits of his claims.

---

[1] The Defendants have not sought damages against the Plaintiff for the filing of this adversary proceeding, notwithstanding the record between the Parties in other courts, addressing the same issues. However, the Court must observe that, particularly in light of the admonition the Connecticut District Court issued to Mr. VanEck, the filing of the instant Complaint strongly suggests his filing of this case may be an abuse of process or a frivolous lawsuit, which could justify the imposition of

He has presented no evidence of fraud, accident, or mistake in connection with the entry of the original judgment of foreclosure, nor with DLJ's conduct in pursuing summary process and levying the execution. See Mallette v. Bank of N.Y., 2007 Conn. Super. LEXIS 2123, at *7; Crane v. Loomis, 128 Conn. 697 (Conn. 1942). Additionally, finding in favor of the Defendants here would not produce an unconscionable result. Finally, the balancing of equities supports the Defendant DLJ, who has pursued foreclosure, summary process and execution for possession for multiple years. The record solidly supports DLJ's assertion that it has complied with federal and state law throughout the foreclosure process. By contrast, the Connecticut District Court found the Plaintiff "has sought to use the bankruptcy procedure merely to interfere with the summary process action." Vaneck v. DLJ Mortg. Capital, 2016 U.S. Dist. LEXIS 11176, *14 (D. Conn. 2016).

Because the Plaintiff cannot succeed on the third and fourth prongs of the applicable standard, this Court cannot grant a temporary injunction.

The Plaintiff's demand that DLJ return, and refrain from selling, the Plaintiff's personal property, also fails as he has presented no facts to support the underlying allegations, and the undisputed material facts show that the Connecticut State Marshal levied the execution, and removed any personal property, pursuant to the summary process and Gen. Stat. § 47a-42(c). Thus, DLJ is entitled to judgment, as a matter of law, on this cause of action.

## II. PORRIELLO AND MIRA'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff aims five causes of action in the Complaint against Defendants Porriello and Mira: violation of the automatic stay (first), theft by conversion (third), secreting of stolen goods (fourth), wrongful dispossession (fifth), and right to declaratory judgment (seventh). Porriello and Mira move for summary judgment on all five of these causes of action.

### UNDISPUTED MATERIAL FACTS

Porriello and Mira assert the following to be the undisputed material facts pertinent to their motion for summary judgment, the Plaintiff has not responded to this statement or filed a conflicting statement of material facts, and the Court therefore deems the Plaintiff to have admitted these facts and treats them as true for purposes of this motion.

1. Defendant Louis Mira is a real estate broker and owner of Re/Max Premier Realtors in West Hartford, Connecticut. See doc. # 32, Affidavit of Louis Mira (hereafter "Mira Aff."), ¶ 2.

---

sanctions. Mr. VanEck is hereby further cautioned about continuing to file suits raising issues that have been adjudicated fully, and against him, in prior proceedings.

2. Defendant Mark Porriello is a real estate agent affiliated with Re/Max Premier Realtors in West Hartford, Connecticut, which is owned by Defendant Louis Mira. See doc. # 32, Affidavit of Mark Porriello (hereafter "Porriello Aff."), ¶ 2.

3. On July 1, 2010, a Connecticut state court entered a judgment of strict foreclosure against Hermann VanEck and in favor of Defendant DLJ Mortgage Capital, Inc. ("DLJ") "with the first law day on August 2, 2010, and the last law day on August 4, 2010, with title vesting in [DLJ] on August 4, 2010." Porriello Aff., ¶ 4.

4. DLJ conveyed the Property by deed recorded on August 18, 2010. Porriello Aff., ¶ 5.

5. On or about November 10, 2010, Select Portfolio Servicing, a mortgage servicing company hired by DLJ to service a mortgage on a home generally located at 24 Ebony Lane, Essex, Connecticut (the "Property"), contacted Defendant Porriello to inform him that he would be the listing agent for the Property. Porriello Aff., ¶ 3; Mira Aff., ¶ 3.

6. After Select Portfolio Servicing informed Defendant Porriello that he would be the listing agent for the Property, Defendant Porriello visited the Property, on or about November 11, 2010, to determine whether the property was vacant. Porriello Aff., ¶ 6.

7. When Defendant Porriello visited the Property on or about November 11, 2010, he knocked on the door and Plaintiff Hermann VanEck answered and essentially slammed the door shut. Porriello Aff., ¶ 7.

8. Defendant Porriello's visit to the Property on or about November 11, 2010 was the only time Poriello met the Plaintiff. Porriello Aff., ¶¶ 6, 7.

9. After he learned the Property was not vacant, during his visit on or about November 11, 2010, Defendant Porriello's involvement with the Property ended, pending an eviction process. Porriello Aff., ¶ 8.

10. Defendants Porriello and Mira were not involved with either the foreclosure of the Property or the eviction process. Mira Aff., ¶¶ 5, 6; Porriello Aff., ¶ 9.

11. Defendant Mira had no direct involvement with the listing of the Property and was not involved in Defendant Porriello's listing of the Property. Mira Aff., ¶ 5.

12. Between November 11, 2010 and October 10, 2016, DLJ's eviction proceedings were delayed due to Plaintiff's filing of multiple actions, in a variety of courts, contesting the foreclosure process generally and the eviction process. Porriello Aff., ¶ 10.

13. On May 5, 2015, the United States Bankruptcy Court for the District of Connecticut entered an

    Order for Relief, granting DLJ relief from the automatic stay to "commence and/or to continue to prosecute to judgment an ejectment action and otherwise obtain possession of [the Property], in accordance with state law." <u>See</u> doc. # 32, part 3.

14. On February 1, 2016, the United States Bankruptcy Court for the District of Connecticut entered an Order dismissing Plaintiff's two attempts to appeal the May 5, 2015 Order for Relief. <u>See</u> doc. # 32, Ex. 2.

15. On June 24, 2016, a Connecticut state court entered a judgment of possession in favor of DLJ. Porriello Aff., ¶ 11.

16. On October 12, 2016, the Connecticut state court issued an execution for possession by summary process, and DLJ returned the execution on December 5, 2016. Porriello Aff., ¶ 12.

17. In Connecticut, the eviction process is known as the "lockout process," which begins upon court issuance of an execution for possession, instructing a state marshal to remove any individuals in possession of the Property and their belongings from the Property. Porriello Aff., ¶ 13.

18. Pursuant to Connecticut Gen. Stat. § 49-22(a), in the lockout process, the state marshal is authorized to remove a person's possessions and personal effects from a property and deliver them to a place of storage designated by the chief executive officer of the town for such purposes. Porriello Aff., ¶ 14.

19. In this case, State Marshal Albrecht handled the lockout process for the Property. Porriello Aff., ¶ 15.

20. Defendant Porriello had no involvement with the lockout process, or the removal of the Plaintiff and his family members from the Property, or the removal of any of their personal property from the Property. Porriello Aff., ¶ 16.

21. Defendant Porriello had no control over, or ability to direct, the lockout process used to remove the Plaintiff and his belongings from the Property. Porriello Aff., ¶ 16.

22. Defendant Mira similarly had no involvement with the lockout process. Mira Aff., ¶¶ 6, 9.

23. From his initial visit to the Property in November of 2010 until March 27, 2017, Defendant Porriello had no active role in the eviction proceeding or the removal of items from the property, and during that time Defendant Porriello only received periodic updates from DLJ. Porriello Aff., ¶¶ 6, 9, 17.

24. Defendant Porriello did not become involved with the Property until March 27, 2017, when he entered into a Listing Agreement with Select Portfolio Servicing to list the Property. Porriello Aff.,

¶ 18; Mira, ¶¶ 7, 8. <u>See also</u> doc. # 32, part 6.

25. Defendant Porriello did not list the Property for sale until well after December 16, 2016, the date Plaintiff alleges that his possessions were removed from the Property. Porriello Aff., ¶ 19.

26. The term of the Listing Agreement commenced on March 27, 2017 and ended on June 25, 2017. Porriello Aff., ¶20. <u>See</u> doc. # 32, part 6.

27. The Listing Agreement provided that Re/Max Premier Realtors assumed a duty to care for, and maintain, the Property only during the Term of the Listing Agreement. <u>See</u> doc. # 32, part 6.

28. A national field service company hired by Select Portfolio Servicing performed the maintenance of the Property. Porriello Aff., ¶ 23.

29. Prior to March 27, 2017, neither Defendant Porriello nor Defendant Mira had any involvement in the care or maintenance of the Property. Porriello Aff., ¶ 24; Mira Aff., ¶9.

### DISCUSSION

*First Cause of Action: Violation of the Automatic Stay*

Plaintiff alleges that Defendants Porriello and Mira, through their actions, violated the automatic stay provisions of 11 U.S.C. § 362(a). Defendant DLJ presented arguments and documents demonstrating it obtained relief from stay through a May 5, 2015 order entered by the United States Bankruptcy Court for the District of Connecticut, to "commence and/or continue to prosecute to judgment an ejectment action and otherwise obtain possession of [the Property], in accordance with state law." <u>See</u> doc. # 32, part 3. A Connecticut state court entered a judgment of possession in favor of DLJ on June 24, 2016. Porriello Aff., ¶ 11. Neither DLJ, nor Porriello and Mira, violated the stay provisions in listing and selling the Property as the bankruptcy court had granted relief from stay. <u>See</u> doc. # 32, part 3. Defendant Porriello listed the Property for sale in compliance with the stay relief order granted on May 5, 2015. <u>See</u> doc. # 32, part 3.

Based upon the undisputed statement of facts, and particularly since the Defendants' listing of the Property complied with state and bankruptcy court orders, the Plaintiff's first cause of action against these Defendants is without merit. The Court finds Porriello and Mira have shown they are entitled to judgment, as a matter of law, on this cause of action.

*Third, Fourth and Fifth Causes of Action:*
*Theft by Conversion, Secreting of Stolen Goods, Wrongful Possession*

The Plaintiff alleges Porriello and Mira, in conjunction with DLJ, stole his personal property, removed it to an undisclosed location, and continue to possess it. <u>See</u> doc. # 1, ¶¶ 31–41. Under Connecticut law, conversion occurs "when one, without authorization, assumes and exercises ownership

14

over property belonging to another, to the exclusion of the owner's rights." Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 43 (Conn. 2000). Statutory theft, which "is synonymous with larceny under Gen. Stat. § 53a-119[,]" occurs "when, with intent to deprive another of property or to appropriate the same to himself or a third person, [a person] wrongfully takes, obtains or [withholds] such property from an owner." Howard v. MacDonald, 270 Conn. 111, 129 n. 8 (Conn. 2004) (citing Gen. Stat. §§ 53a-119, 52-564). Conn. Gen. Stat. § 53(a)-119(8) states "[a] person is guilty of larceny by receiving stolen property if he receives, retains, or disposes of stolen property knowing that it has probably been stolen or believing that it has probably been stolen." Finally, Conn. Gen. Stat. § 52-564 provides "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."

    The Plaintiff has not met his burden on these causes of actions. He has not presented any facts or law showing Defendants Porriello and Mira violated state or federal law. The undisputed material facts demonstrate Porriello and Mira had no role in the summary process or execution for possession, and were not present when the Connecticut State Marshal levied the execution and removed the Plaintiff's personal property to the designated place of storage, pursuant to Gen. Stat. § 47a-42(c). See Porriello Aff., ¶¶ 16, 18; Mira Aff., ¶¶ 7, 8; doc. # 32, part 6. The Defendants had no contact or connection with the Plaintiff's personal property and did not involve themselves with listing the Property until March 27, 2017, a date several months after the marshal levied the execution for possession. See Porriello Aff., ¶¶ 19, 20.

    Since the undisputed material facts establish the Defendants had no connection to the execution for possession, and never possessed the Plaintiff's personal property, the Court finds Porriello and Mira are entitled to judgment, as a matter of law, on these three causes of action.

*Seventh Cause of Action: Claims for Declaratory Judgment*

    Plaintiff moves for an injunction prohibiting Defendants Porriello and Mira from selling the Property, and an order requiring the Defendants return the Property, with costs and expenses (doc. # 1, at 11). The Plaintiff bears the burden to prove the following in order for the court to issue a temporary injunction: (1) imminent substantial and irreparable injury, (2) lack of an adequate remedy at law, (3) likelihood of success on the merits, and (4) that a balancing of equities favors granting the injunction. Mallette v. Bank of N.Y., 2007 Conn. Super. LEXIS 2123, **4–5 (Conn. Super. Ct. 2007) (citing Moore v. Ganim, 233 Conn. 557, 569 n. 25 (1995)).

    The Plaintiff has not met his burden of proof to obtain an injunction against the Defendants selling the Property. Even if the Plaintiff were able to satisfy the first two prongs, he could not demonstrate the

right to an injunction in this proceeding. He might be able to establish the second prong, that he has no adequate remedy at law, because other competent courts have already decided these issues. See Mallette v. Bank of N.Y., 2007 Conn. Super. LEXIS 2123, *6 (Conn. Super. Ct. 2007). He also might be able to show he stands to suffer imminent and substantial injury through loss of his residence and personal property, to satisfy the first prong. See id.

      The Plaintiff, however, has presented no evidence that he will succeed on the merits of his claims or that the equities weigh in his favor as required by the two remaining prongs of the test. VanEck has presented no evidence of fraud, accident or mistake in connection with the entry of the original judgment of foreclosure, nor with Defendant DLJ's conduct in pursuing summary process and levying the execution. See Mallette v. Bank of N.Y., 2007 Conn. Super. LEXIS 2123, at * 7; Crane v. Loomis, 128 Conn. 697 (Conn. 1942). The record patently shows Defendant DLJ complied with state law in conducting the foreclosure action, summary process and execution for possession. See Vaneck v. DLJ Mortg. Capital, 2016 U.S. Dist. LEXIS 11176, *14 (D. Conn. 2016) ("Multiple courts have now held that DLJ is not only the rightful owner of the mortgage, but, after the foreclosure action, of the property itself as well."). Finding in favor of Porriello and Mira would not produce an unconscionable result that would support Plaintiff's argument on the equities prong. DLJ, through its servicing company, Select Portfolio Servicing, hired Porriello as listing agent, in compliance with the May 5, 2015 relief from stay order granted by the United States Bankruptcy Court for the District of Connecticut, see doc. # 32, part 3, and the June 24, 2016 Connecticut state court judgment of possession entered in favor of DLJ. Porriello Aff., ¶¶ 3, 11; Mira Aff. ¶ 3. Because the Plaintiff cannot succeed on the third and fourth prongs of the standard, he has failed to demonstrate he is entitled to a temporary injunction against sale of the Property.

      The Plaintiff's demand that Porriello and Mira return, and refrain from selling, the Plaintiff's personal property, is without merit as the Connecticut State Marshal confiscated and removed the alleged property pursuant to the execution for possession and Gen. Stat. § 47a-42(c). Moreover, the Defendants did not list the Property until three months after DLJ had completed the summary process and eviction of the Plaintiff. See Porriello Aff., ¶ 18; Mira Aff., ¶¶ 7, 8. The undisputed material facts demonstrate Porriello and Mira had no role in the summary process or execution for possession. Porriello Aff., ¶ 16; Mira, Aff. ¶¶ 6, 9.

      Therefore, Defendants Porriello and Mira are entitled to judgment, as a matter of law, on all aspects of this cause of action.

### III. CAUSES OF ACTION AGAINST UNNAMED DEFENDANTS

The Complaint asserts, "Plaintiff is ignorant of the true names and capacities of 'Defendants' sued herein as 'JOHN DOES' 1 through 10, and therefore sues these 'Defendants' by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained." Doc. # 1, ¶ 10. Plaintiff has not amended the Complaint to identify these persons.

"Using 'Doe' in place of specifically naming a defendant does not serve to sufficiently identify the defendant[,]" Kearse v. Lincoln Hosp., 2009 WL 1706554, *3 (S.D.N.Y. 2009), and the Plaintiff bears the burden to take reasonable steps to discover the identity of the unnamed Defendants. See id. "While courts 'typically resist dismissing suits against John Doe defendants until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials … [w]here a plaintiff has had ample time to identify a John Doe defendant but gives no indication that he has made any effort to discover the [defendant's] name, … the plaintiff simply cannot continue to maintain a suit against the John Doe defendant." D.C. v. Copiague Union Free Sch. Dist., 2018 U.S. Dist. LEXIS 93545, **5–6 (E.D.N.Y. 2018) (quoting Cruz v. City of New York, 232 F. Supp. 3d 438, 448 (S.D.N.Y. 2017)).

Discovery in this adversary proceeding has not been stayed pending the Court's determination of the Defendants' motions for summary judgment. See D.C. v. Copiague Union Free Sch. Dist., 2018 U.S. Dist. LEXIS 93545, **7–8 (E.D.N.Y. 2018). In fact, at the hearing held on October 4, 2017, the Court invited the Plaintiff to begin discovery during the pendency of the anticipated motions for summary judgment. See doc. # 28, at 10:55. Here, the Plaintiff has had "an ample opportunity to make full use of the discovery devices set forth in the Federal Rules of Civil Procedure as well as any other alternative means in order to ferret out" the identity of the unnamed Defendants, but has "failed to act." See id. at *8. The Plaintiff has failed to present the Court with any reasonable efforts he made to discover the identity of the John Doe Defendants. Because the Plaintiff "has not identified the unnamed parties nor suggested that there is any likelihood that the unnamed parties will eventually be identified[,]" the claims against the unnamed Defendants are *sua sponte* dismissed without prejudice. Koon Chun Hing Kee Soy & Sauce Factory v. Star Mark Mgmt., 2007 U.S. Dist. LEXIS 1404, *15 n. 7 (E.D.N.Y. 2007); see also A'Gard v. Locke, 2016 U.S. Dist. LEXIS 83210, *27 (N.D.N.Y. 2016) (recommending that claims brought against three unnamed defendants be *sua sponte* dismissed without prejudice for plaintiff's failure to take any steps to ascertain their identities.)

## CONCLUSION

For the reasons set forth above, the Court concludes there are no material facts in dispute. Based upon those undisputed material facts, it finds Defendant DLJ complied with all pertinent state and federal law in foreclosing upon the Property in pursuing summary process and execution for possession, the execution for possession was levied in accordance with the Connecticut law, and the Plaintiff and his personal property were evicted under the supervision of the Connecticut State Marshal. The Court further finds Defendants Porriello and Mira took no role in the foreclosure, summary process or levying of execution, and though *res judicata* does not preclude the issuance of an injunction blocking the foreclosure and sale, the Plaintiff has offered no facts or evidence warranting the granting of that extraordinary remedy here. Finally, since the Connecticut State Marshal removed and disposed of the Plaintiff's personal property pursuant to state law, the Court finds the Plaintiff's claims against the Defendants for theft, conversion, and wrongful dispossession are without merit.

Accordingly, the Court concludes the Defendants are entitled to judgment as a matter of law, on all causes of action in the Complaint, and grants both motions for summary judgment. As a corollary, the Court denies all of Plaintiff's requests for damages, fees, costs, and interest.

The Court also *sua sponte* dismisses, without prejudice, the claims against the unnamed Defendants because Plaintiff has failed to demonstrate any reasonable efforts made to discover their identities, assert any specific facts or legal allegations against them, or otherwise prosecute any claims against them in this proceeding.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law, and fully adjudicates this adversary proceeding.

June 14, 2018  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge